U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 2 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENISE BYNOG** | : | **DOCKET NO. 07 CR 1527** |
| VS. | : | JUDGE MINALDI |
| AECOM GOVERNMENT SERVICES INC. ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Under Rule 12(b)(6), [doc. 11], filed by the defendant Aecom Government Services Inc., et al (hereinafter "Aecom"). The plaintiff Denise Bynog (hereinafter "Bynog"), filed an Opposition [doc. 17].

## FACTS

Bynog allegedly received an injury at work on February 14, 2006, which she reported to her employer.[1] She was then placed on workers' compensation.[2] Bynog returned to work on March 21, 2006 until June 8, 2006, when she was again placed on workers' compensation.[3] On August 8, 2006, Bynog received written notice of termination.[4] Bynog's petition alleges that she was wrongfully discharged in retaliation for filing a worker's compensation claim.[5] Bynog sued

---

[1] Compl. ¶ 4 [doc. 1].

[2] *Id.* ¶ 5.

[3] *Id.*

[4] *Id.* ¶ 6.

[5] *Id.* ¶ 9. The termination occurred on or around August 8, 2006. *Id.* ¶ 10.

both Aecom, her former employer, and Robert L. Shirron, the Project Manager who terminated her.[6]

## RULE 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

A Rule 12(b)(6) invites a ruling on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). To avoid dismissal under a Rule 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## LAW

In Louisiana, absent a contract specifying otherwise, employees are considered to be at will and subject to dismissal at any time without their employers incurring liability. *Stewart v. Courtyard Mgt. Corp.*, 2005 WL 3114914 *2 (5th Cir. 2005) (unpublished opinion). Thus, when

---

[6] *Id.* ¶ 7. Bynog sued Shirron individually and on behalf of Aecom, his agent. *Id.*

an employer terminates an at-will employee, so long as the employer does not violate any statutory or constitutional provisions, the employer will not face liability. *Id.* Employers may not discharge employees from employment for asserting a workers' compensation claim. LA. REV. STAT. ANN. § 23:1361 (noting that a retaliatory discharge claim is only appropriate against the employer); *see also Starkman v. Evans*, 18 F. Supp.2d 630, 635 (E.D. La. 1998) (same). The post-*Twombly* retaliatory discharge cases that are dismissed on Rule 12(b)(6) motions are dismissed because they fail to sufficiently allege the protected activity in which the plaintiff was engaged at the time of termination. *See e.g., U.S. ex rel Batty v. Amerigroup Illinois, Inc.*, 2007 WL 4557085 (N.D. Ill. 2007) (dismissing a retaliatory discharge claim where the plaintiff failed to sufficiently allege her protected activity under the False Claims Act, while giving the plaintiff an opportunity to amend her pleadings).

## ANALYSIS

Aecom moves to dismiss Bynog's complaint in its entirety. Aecom argues that because Bynog was an at-will employee she cannot sue for wrongful discharge as a matter of Louisiana law. Aecom argues that Louisiana does not recognize a claim for wrongful discharge for an at-will employee. *See Fauntleroy v. Rainboq Marketers*, 04296 (La. App. 3d Cir. 12/29/04); 888 So.2d 1045, 1048. Bynog's Opposition indicates that she is suing only for retaliatory discharge pursuant to LA. REV. STAT. ANN. § 23:1361, and is not bringing a separate "wrongful discharge" claim. Accordingly, this court finds that Bynog is only suing under a retaliatory discharge theory.

Aecom also moves to dismiss Bynog's retaliatory discharge claim for failure to meet *Twombly*'s pleading requirements. Aecom argues that Bynog's factual allegations failed to

describe the claim in sufficient detail to give the defendant 1.) "fair notice of what the...claim is and the grounds upon which it rests," and 2.) that it failed to plausibly suggest that Bynog has a right to relief, as required by *Twombly*. In one post-*Twombly* retaliatory discharge case, the Seventh Circuit upheld the district court's grant of a Rule 12(b)(6) dismissal for failure to provide a sufficient factual description of the protected activity. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 775 (7th Cir. 2007) (upholding the dismissal because the plaintiff failed to suggest that the plaintiff had a right to relief and because the plaintiff failed to articulate the protected activity underlying the retaliation).

In her Opposition, Bynog argues that she satisfies the pleading requirements, although her argument is supported by a Louisiana state case and a pre-*Twombly* case. Bynog argues that "clearly someone who is terminated from employment because of the filing of a workers' compensation injury claim is a retaliatory discharge and is prohibited under Louisiana law under LA. REV. STAT. ANN. § 23:1361." Moreover, Bynog argues that she alleged the date of injury, the fact that Aecom was aware of her injuries, that she received workers' compensation, and that she was terminated while receiving workers' compensation. Although Bynog failed to cite any post-*Twombly* cases, this court finds that Bynog satisfied the level of pleading *Twombly* requires because it is apparent from her complaint that she is suing her employer for retaliatory discharge following a claim for workers' compensation. Moreover, the fact that Bynog alleges she was fired while she was receiving workers' compensation indicates that recovery for retaliatory discharge is at least plausible.

Aecom also moves to dismiss the claims against Shirron because an action for retaliatory discharge does not lie against employees. Bynog argues against dismissal but cites no law for her

4

argument. Because LA. REV. STAT. ANN. § 23:1361 states that recovery for retaliatory discharge is solely against employers and Bynog has presented no law to the contrary, the claims against Shirron are hereby dismissed; accordingly,

IT IS ORDERED that Aecom's Motion to Dismiss is hereby DENIED as to Bynog's retaliatory discharge claim,

IT IS FURTHER ORDERED that Aecom's Motion to Dismiss is hereby GRANTED as to the claim against Robert Shirron,

IT IS FURTHER ORDERED that Bynog's claim against Robert Shirron is hereby DISMISSED.

Lake Charles, Louisiana, this 22 day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE