U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 2 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENISE BYNOG** | : | **DOCKET NO. 07 CV 1527** |
| **VS.** | : | **JUDGE MINALDI** |
| **AECOM GOVERNMENT SERVICES INC. ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment, [doc. 31], filed by the defendant Aecom Government Services Inc., et al (hereinafter "Aecom"). The plaintiff, Denise Bynog, did not file an opposition.

## FACTS

Ms. Bynog was injured while working as a Material Coordinator at Aecom on February 14, 2006.[1] She took a medical leave of absence, which was counted against her FMLA leave.[2] Ms. Bynog returned to work on March 23, 2006, where she remained until June 9, 2006, when she took another leave to receive additional treatment.[3] Aecom sent Ms. Bynog a letter on June 16, 2006 stating that her FLMA leave would exhaust on August 3, 2006.[4] The letter instructed Ms. Bynog to contact her supervisor to discuss the status of her leave, and that it may be possible for her to take

---

[1] Def.'s Ex. B (Bynog Dep.), at 27:20-28:10.

[2] *Id.*

[3] *Id.* at 33:6-16.

[4] Def.'s Ex. E.

1

a discretionary, non-protected leave of absence.[5] Aecom sent Ms. Bynog a separate letter on June 16, 2006, informing her that she would need to provide a physician's clearance to return to work.[6]

Following these letters, Ms. Bynog had several conversations with Aecom personnel, during which she stated she was receiving treatment and hoped to return to work, although she did not know whether that would happen.[7] Aecom sent Ms. Bynog another letter on August 1, 2006, reiterating that her leave expired August 3, 2006 and to "contact [her] supervisor prior to this date to discuss scheduling availability."[8] The letter also stated that if Ms. Bynog was unable to return to work on August 3, 2006, her physician needed to substantiate her continued absence.[9] Enclosed with the letter was an Application for Family Medical Leave and Physician Certification form for her physician to complete and return by August 16, 2006.[10] Ms. Bynog was instructed that the failure to do so may delay her leave and result in disciplinary action.[11] Ms. Bynog did not submit the requested forms and was unable to tell Aecom if she could return to work.[12]

On August 8, 2006, Ms. Bynog received written notice of termination.[13] She brought suit

---

[5] *Id.*

[6] Def.'s Ex. F.

[7] Def.'s Ex. B (Bynog Dep.), at 50:23-53:7, 70:10-23.

[8] Def.'s Ex. G.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Def.'s Ex. B (Bynog Dep.), at 52:16-53:7.

[13] Def.'s Ex. H.

pursuant to La. Rev. Stat. Ann. § 23:1361 on August 7, 2007 for wrongful discharge in retaliation for filing a workers' compensation claim.[14] Since her termination, Ms. Bynog has been eligible for rehire with Aecom.[15] In her deposition, Ms. Bynog stated that her condition is now worse and, although she would like to work, she may be permanently unable to do so.[16] Aecom states that Ms. Bynog was terminated because Aecom needed a permanent solution for her position, and leaving her on the payroll indefinitely was administratively burdensome.[17]

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). A grant of summary judgment is warranted when the record as a whole "could not lead a rational

---

[14] Compl. ¶ 9 [doc. 1-1].

[15] Def.'s Ex. A (Shirron Decl. ¶ 6).

[16] Def.'s Ex. B (Bynog Dep.), at 38:13-21, 85:1-12.

[17] Def.'s Ex. A (Shirron Decl. ¶¶ 4-5).

finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

Ms. Bynog brought suit against Aecom under La. Rev. Stat. Ann. § 23:1361(B), alleging that she was terminated for filing a workers' compensation claim. Aecom states that Ms. Bynog was terminated because her injuries rendered her unable to perform her job, which is permissible by the plain language of § 23:1361:

> No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.

To recover under § 23:1361, the employee "must establish by a preponderance of the evidence that he was discharged because he asserted a workers' compensation claim, either by presenting direct evidence that the assertion of a workers' compensation claim was the reason for the discharge, or presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers' compensation claim." *Penn v. Louisiana-1 Gaming*, 06-928 (La. App. 5 Cir. 4/11/07); 954 So.2d 925, 928. Then, "[i]f the employer gives a non-discriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery." *Id.* If the plaintiff proffers circumstantial, rather than direct, evidence, the trial court must choose from competing inferences as to motive, which is inappropriate for summary judgment. *Chivleatto v. Sportsman's Cove, Inc.*, 05-136 (La. App. 5 Cir. 6/28/05); 907 So.2d 825, 820.

4

In *Chivleatto*, Louisiana's Fifth Circuit of Appeal affirmed the trial court's issue of summary judgment in favor of the defendant in a § 23:1361 wrongful discharge suit. *See id.* The defendant employer introduced evidence that the plaintiff was terminated because he was no longer able perform his job due to an injury. *Id.* After the defendant showed the lack of factual support for a wrongful discharge claim, the burden shifted to the plaintiff to produce evidence that there was an issue of fact as to the reason for discharge. *Id.* Because the plaintiff failed to provide any proof that his employer terminated him in retaliation for filing a workers' compensation claim, and an employee may be discharged because he is no longer able to perform his job duties due to an injury, the court granted summary judgment. *Id.*

Aecom has produced evidence that Ms. Bynog was terminated because her FMLA leave expired and she could no longer perform the duties of her employment due to her injury. Aecom sent her several letters during her FMLA leave stating that her leave would expire on August 3, 2006. Ms. Bynog was unable to say when, if ever, she could return to work. Ms. Bynog has testified that she may be permanently unable to work. Aecom also submitted the affidavit of Mr. Shirron, who testified that Ms. Bynog was terminated because she was unable to perform her job due to injury, keeping her on payroll indefinitely was burdensome, and Aecom needed to find a permanent solution for her position. Aecom has therefore met its burden of showing a lack of factual support for Ms. Bynog's claim that she was terminated in retaliation for filing a workers' compensation claim.

The burden then shifts to Ms. Bynog to demonstrate that there is an issue of fact as to the reason for her discharge for trial. Ms. Bynog did not file an opposition to Aecom's Motion For Summary Judgment, and this Court has no competent summary judgment evidence that Aecom terminated Ms. Bynog in retaliation for filing a workers' compensation claim; therefore, there is no

material issue of fact for trial. Because Aecom has demonstrated that Ms. Bynog was terminated because she was unable to perform her job requirements due to injury, which is permissible under § 23:1361, Aecom is entitled to judgment as a matter of law; accordingly,

IT IS ORDERED that Aecom's Motion For Summary Judgment, [doc. 31], is hereby GRANTED;

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this 21 day of Oct, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE